**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ________________________

**KEVIN JAMES DYNAN, JR.,** an individual,

Plaintiff,

v.

**STACKADAPT, INC.,**

Defendant.

---

**NOTICE OF FILING REMOVAL TO FEDERAL COURT**

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Fed. R. Civ. P. 81(c), StackAdapt Inc. ("Defendant"), by and through its undersigned counsel, Fisher & Phillips LLP, removes this action from the Denver District Court of Colorado to the United States District Court for the District of Colorado. In support thereof, Defendant states the following:

**STATE COURT ACTION**

1. On August 11, 2026, Kevin James Dynan, Jr. ("Plaintiff") filed his Complaint and Jury Demand (the "State Court Complaint") against Defendant in the Denver City and County District Court of Colorado (the "State Court"), initiating an action styled as *Kevin James Dynan, Jr. v. StackAdapt, Inc.*, Case No. 2026CV762 (the "State Court Action"). A true and correct copy of the State Court Complaint is attached as **Exhibit A**. Also on August 11, 2026, Plaintiff filed a District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim,

Cross-Claim or Third Party Complaint and Jury Demand (the "State Court Cover Sheet"). A true and correct copy of the State Court Cover Sheet is attached as **Exhibit B**.

2. Plaintiff filed a Return of Service on October 9, 2026, attached as **Exhibit C**.

3. In the State Court Complaint, Plaintiff asserts the following claims for relief arising out of his employment and the termination of his employment with Defendant: (1) violation of the Disability Discrimination Act, C.R.S. § 24-34-402(1)(a)(I), *et seq*., (2) violation of Paid Family and Medical Leave Insurance Act, C.R.S. § 8-13.3-509, and (3) failure to provide reasonable accommodations in violation of C.R.S. § 24-34-402. (Ex. A, State Court Complaint, ⁋⁋ 31-44).

**GROUNDS FOR REMOVAL**

4. Pursuant to 28 U.S.C. § 1441(a), "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant …, to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the District of Colorado is the appropriate district and division.

5. This is a civil action over which this Court has original jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 (b), because Plaintiff and Defendant to this civil action are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7. Defendant StackAdapt, Inc., is now and was at all times relevant to this action a private corporation organized and existing under the laws of the country of Canada. *See* **Exhibit D** (Declaration of Natalia Vassilieva). Plaintiff is now and was at all times relevant to this action

a resident of the state of Colorado. Thus, complete diversity of citizenship exists, as Defendant is a citizen of Canada whereas Plaintiff is a citizen of Colorado for purposes of diversity jurisdiction.

8. Section 1332(a) also requires that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. The defendant has the burden to establish "jurisdictional *facts* that made it *possible* that $75,000 [i]s in play." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (emphasis in original). Once the defendant has met that burden (along with the other requirements for removal), the case will remain in federal court unless it becomes "legally certain" that the claim is less than the jurisdictional amount. *Id.*; *see also Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003) (describing the "legally certain" standard). "Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction." *Woodmen of the World*, 342 F.3d at 1217. "Ordinarily, the amount in controversy is to be determined by the allegations of the complaint…." *Lonquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970). However, the defendant is not limited to the allegations of the complaint and may rely on other evidence to make the required showing. *McPhail*, 529 F.3d at 956-57.

9. As alleged in the State Court Complaint, Plaintiff expressly seeks recovery of his claimed back pay and front pay,[1] with interest, compensatory damages, including damages for emotional distress and mental anguish, punitive damages, and recovery of costs and fees, which categories of damages are also included when evaluating the amount in controversy. *See, e.g.*,

[1] Plaintiff was well-compensated, earning a base salary of $100,000 at the time of his resignation. *See* Ex. D, Vassilieva Decl. at ⁋ 5. Given that Plaintiff was highly compensated, and the fact that Plaintiff seeks back and front pay, along with the other damages listed in his Complaint, it is reasonably certain that the amount in controversy exceeds $75,000.

*Washington v. Am. Fam. Mut. Ins. Co.*, No. 12-CV-02229-REB-KLM, 2013 WL 1412327, at *3 (D. Colo. Mar. 18, 2013) (finding that the amount in controversy was satisfied after evaluation of Plaintiff's alleged medical expenses, compensatory damages, bad faith damages, costs and attorneys' fees), report and recommendation adopted, No. 12-CV-02229-REB-KLM, 2013 WL 1414241 (D. Colo. Apr. 8, 2013). And while Defendant disputes that it engaged in any wrongdoing, in Colorado, awards for emotional distress damages can be sizeable. *See, e.g., Boulder Meadows v. Saville*, 2 P.3d 131, 136 (Colo. App. 2000) (affirming an award of "compensatory and punitive damages totaling $150,000" for violation of state and federal laws prohibiting discriminatory housing practices and further explaining that compensatory damages "may be awarded for humiliation and emotional distress"). Thus, the amount in controversy requirement is satisfied.

**VENUE**

10. Before removal to this Court, this action was pending in the State Court, which is located in Denver, Colorado. Accordingly, under 28 U.S.C. § 85 and § 1441(a), the United States District Court for the District of Colorado is the proper venue for removal.

**TIMELINESS OF REMOVAL**

11. Defendant's removal is timely. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

## STATE COURT TO BE NOTIFIED

13. Pursuant to 28 U.S.C. § 1446(d), Defendant will file, on this same date, a Notice of Filing Notice of Removal in which the State Court will be notified of the removal of the State Court Action to this Court. A true and correct copy of the State Court Notice of Removal is attached as **Exhibit E**.

14. Under D.C.COLO.LCivR 81.1, other than the documents attached hereto, no other process, pleadings, or orders have been filed or served in the State Court Action. Moreover, according to the register of actions as of the date of this Notice of Removal for the State Court Action (the "Register of Actions"), the State Court has not set any hearings in this matter. A true and correct copy of the Register of Actions is attached as **Exhibit F**.

WHEREFORE, Defendant removes the State Court Action from the District Court for Denver County, Colorado to the United States District Court for the District of Colorado, and requests that this Court make and enter such further orders as may be necessary and proper.

Respectfully submitted this 26th day of October, 2026.

FISHER & PHILLIPS LLP

*s/ Kristin R.B. White*
Kristin R.B. White
Adrian Salmen
1125 17th Street, Suite 2400
Denver, Colorado 80202
Telephone No. (303) 218-3650
Facsimile No. (303) 218-3651
E-Mail:kwhite@fisherphillips.com
asalmen@fisherphillips.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of October 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, and served via first-class U.S. Mail, postage prepaid, on the following:

Kevin James Dynan, Jr.
766 Trenton Street
Denver, CO 80230
dynanjr@gmail.com

Plaintiff

*Attorneys for Plaintiff*

*/s/ Myriam Sandoval*
Myriam Sandoval
For Fisher & Phillips LLP